[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SUSAN TSUI GRUNDMANN,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants-Appellants. | No. 25-5165 |

## MOTION FOR A STAY OF BRIEFING SCHEDULE IN LIGHT OF LAPSE IN APPROPRIATIONS

The federal defendants-appellants move for a stay of the briefing schedule in this case.

**1.** At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress.

**2.** Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

**3.**  Plaintiff-appellee filed her answering brief on October 3, 2025, and the government's reply brief is currently due on October 24, 2025.

**4.**  Undersigned counsel for the Department of Justice requests a stay of the reply brief's deadline until Congress has restored appropriations to the Department.

**5.**  The Government respectfully requests that, when appropriations are restored, the deadline for filing a reply brief be extended for the number of days commensurate with the overlapping duration of the lapse in appropriations, plus an additional 14 days.  Thus, for example, if the lapse ends on October 21, the deadline for the reply brief would be extended by 18+ 14 = 32 days, and the reply brief would be due on November 25, 2025.  The Government will need this additional time following the end of the lapse to restart regular government operations and to draft the reply brief.

**6.**  In addition, granting an extension calculated in the manner proposed above will avoid having all briefs that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would not be practicable for the Government or the Court.  It also preserves the original chronological order of filing in government cases for fairness to all parties.

**7.**  Plaintiff-appellant's counsel does not oppose this motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the briefing schedule in this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Respectfully submitted,

*/s/ Daniel Aguilar*
DANIEL AGUILAR
   Appellate Staff, Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., NW
   Washington, DC 20530
   (202) 514-3425
   daniel.j.aguilar@usdoj.gov

*Attorneys for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Georgia 14-point, a proportionally spaced font, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 376 words, according to the word count of Microsoft Office 365.

*/s/ Daniel Aguilar*
Daniel Aguilar

# CERTIFICATE AS TO PARTIES

## A.  Parties and Amici

Plaintiff-appellee is Susan Tsui Grundmann. Defendants-appellants are Donald J. Trump, in his official capacity as President of the United States of America, and Colleen Duffy Kiko, in her official capacity as Chairman of the Federal Labor Relations Authority.

Amici appearing in this Court are the Arizona Legislature, the States of Florida, Alabama, Arkansas, Georgia, Idaho, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, and West Virginia, the American Federation of Labor and Congress of Industrial Organizations, Professor Jane Manners, and the Constitutional Accountability Center.  There have been no intervenors.