[NOT YET SCHEDULED FOR ORAL ARGUMENT]

## No. 25-5165

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

SUSAN TSUI GRUNDMANN,

Plaintiff-Appellee,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants-Appellants.

On Appeal from the United States District Court for the District of Columbia

## APPELLEE'S MOTION TO DISMISS AS MOOT

Norman L. Eisen, D.C. Bar #435051
Tianna J. Mays, D.C. Bar #90005882
Pooja Chaudhuri, D.C. Bar #888314523
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

Jon Greenbaum, D.C. Bar #489887
JUSTICE LEGAL STRATEGIES, PLLC
P.O. Box 27015
Washington, D.C. 20038
Tel: (202) 601-8678

For the reasons detailed below, Appellee Susan Tsui Grundmann moves to dismiss her appeal because it is moot, and requests that the court vacate the district court's opinion and order and remand with instructions to dismiss with prejudice, with each party to bear its own costs.  The Appellants' position is that they do not consent to dismissal of its appeal without an order vacating the district court's opinion and order. Because Appellee asks for this relief as part of this motion, the motion is unopposed.

Ms. Grundmann's claim in this case was that Appellants removed her as a member of the Federal Labor Relations Authority ("FLSA") violated the governing statute. During the pendency of this action, Ms. Grundmann's term expired although, based on the governing statute, her term did not end until her successor was appointed by the President and confirmed by the Senate. Subsequently, her successor, Charles Arrington, has been appointed by the President and confirmed by the Senate and is serving as a member. As a result, Ms. Grundmann's claim is moot.

Ms. Grundmann was nominated by the President and confirmed by the Senate on May 12, 2022 to a position on the FLRA for a term set to expire on July 1, 2025. Under the Federal Service Labor-Management Relations Statute ("the Statute"), FLRA members are appointed by the President with the advice and consent of the Senate and may only be removed by the President after notice and a hearing and for inefficiency, neglect of duty, or malfeasance in office. 5 U.S.C. § 7104(b). Pursuant

to the statute, Ms. Grundmann's term would continue after July 1, 2025 until either her successor took office or the last day of the Congress beginning after July 1, 2025. 5 U.S.C. § 7104(c).

The President removed Ms. Grundmann on February 10, 2025, without notice and a hearing and without offering a reason. Ms. Grundmann filed this case on February 13, 2025, against the President and the FLRA Chairman on the grounds that her removal violated the Statute. The parties cross-moved for summary judgment. On March 12, 2025, the district court granted Ms. Grundmann's motion for summary judgment and ordered declaratory and injunctive relief. The district court denied the government's motion for summary judgment.

The government noticed its appeal on May 14, 2025 and moved for a stay pending appeal of the district court's order on June 13, 2025. A motions panel of this Court entered an administrative stay on June 18, 2025 and a stay on July 3, 2025. The parties then briefed the merits. After the case was set for oral argument, this Court issued on order on October 29, 2025 holding the case in abeyance pending the Supreme Court's disposition of *Trump v. Slaughter*.

On May 6, 2025, President Trump nominated Charles Arrington to replace Ms. Grundmann at the expiration of her term. The Senate confirmed Mr. Arrington on December 18, 2025, and Mr. Arrington has commenced work on the FLRA.

Because the succession from Ms. Grundmann to Mr. Arrington followed the procedures set forth in the Statute, Ms. Grundmann's no longer seeks to pursue her claim because it is moot.

The rule in this circuit is that when a case becomes moot on appeal, the court vacates the district court's judgment and remands to the district court with directions to dismiss: "When a case becomes moot on appeal . . . this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001). Accordingly, Ms. Grundmann requests that the Court dismiss this case, vacate the district court's judgment and order, and remand to the district court with direction to dismiss with prejudice. Ms. Grundmann further requests that the Court order that each party bear its own costs as the reason this case became moot is due to the fault of neither party.

Dated: January 21, 2026

Respectfully submitted,

/s/ Jon Greenbaum
Norman L. Eisen, D.C. Bar #435051
Tianna J. Mays, D.C. Bar #90005882
Pooja Chaudhuri, D.C. Bar #888314523
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

Jon Greenbaum, D.C. Bar #489887
JUSTICE LEGAL STRATEGIES, PLLC
P.O. Box 27015
Washington, D.C. 20038

3

jgreenbaum@justicels.com
Tel: (202) 601-8678

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 656 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Jon M. Greenbaum*

Jon M. Greenbaum